## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**NINA IZRAILEVA,**

    **Plaintiff,**

v.                                     **Case No.  8:07-cv-21-T-27MSS**

**MICHAEL CHERTOFF, et al.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on consideration of Defendants' Motion to Dismiss Complaint (the "Motion"), filed on March 13, 2007.[1] (Dkt. 10)  In the Motion, Defendants request that the Court dismiss the Complaint in this case for lack of subject matter jurisdiction.  Plaintiff filed this action pursuant to 8 U.S.C. § 1447(b), seeking the Court to adjudicate her application for naturalization or, in the alternative, to remand the matter to the United States Citizenship and Immigration Service ("CIS" or "Defendants") with instructions for adjudicating her claim. (Dkt. 1) CIS claims in its Motion that it has since adjudicated Plaintiff's application for naturalization, thereby rendering the action moot.

---

[1] This matter was referred to the Undersigned by the District Court Judge assigned to this case for a Report and Recommendation.

1

Having considered the respective positions of the parties, the Undersigned **REPORTS AND RECOMMENDS** that Defendants' Motion be **DENIED**.

STANDARD OF REVIEW

The threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 2007 WL 1461066 (May 21, 2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. (citing Sanjuan v. American Board of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994)). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Further, conclusory allegations are not accepted as true. Gersten v. Rundle, 833 F. Supp. 906, 910 (S.D. Fla. 1993)(citing Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974)).

PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiff filed an application for naturalization on August 30, 2004, and was interviewed by CIS on March 22, 2005. (Dkt. 1) On January 4, 2007, after the application had remained pending almost two years, Plaintiff filed this suit in federal court, pursuant to 8 U.S.C. § 1447(b), to have the Court adjudicate her application for naturalization. (Dkt. 1) The relevant provision of 8 U.S.C. § 1447(b) states:

> If there is a failure to make a determination [of an application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [CIS] to determine the matter.

In her Complaint, Plaintiff requests "that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order adjudicating the naturalization application. In the alternative, the Court may remand requiring Defendants to immediately adjudicate Plaintiff's naturalization application." (Dkt. 1)

The Court entered a Report and Recommendation on July 12, 2007, recommending denial of Defendants' Motion to Dismiss on a procedural matter. (Dkt. 16) Specifically, the Court noted that contrary to its initial assertion, Defendants failed to show that the CIS had fully adjudicated Plaintiff's naturalization application. (Dkt. 16) Subsequently, Defendants filed a response to the undersigned's Report and Recommendation clarifying that the CIS had fully

3

adjudicated Plaintiff's naturalization application as it mailed Plaintiff its Decision, but mistakenly failed to file it with the Court. (Dkt. 17) After resolving this procedural issue, the District Judge referred the matter back to the Undersigned to address the merits of Defendants' jurisdictional argument. (Dkt. 18)

DISCUSSION

Defendants contend that the CIS action finally taken after Plaintiff filed suit in this Court as authorized by 8 U.S.C. § 1447(b) has divested this Court of jurisdiction to consider this matter. Plaintiff responds that 8 U.S.C. § 1447(b) grants the district court exclusive jurisdiction over an immigration application where, as here, the CIS has waited more than 120 days after its administrative hearing to make a determination to grant or deny the application and the petitioner has filed suit in the district court.

The Eleventh Circuit has not addressed this issue. The prevailing authority on this question is the en banc decision of the Ninth Circuit in United States v. Hovsepian. 359 F.3d 1144, 1159-64 (9th Cir. 2004). Its reasoning is sound and well articulated and need not be paraphrased or restated here. Most recently since the parties' filings in this case, in Etape v. Chertoff, Nos. 06-1916, 06-1990, 2007 WL 2200286, at *7 (4th Cir. Aug. 2, 2007), the Fourth Circuit has reached the same conclusion, overturning a contrary district court's opinion cited by the Government in its memorandum before this Court. (Defs.' Mtn. to Dismiss 2) (citing Etape v.

Chertoff, 446 F. Supp 2d 408, 418 (D. Md. 2006). To the same effect are the following decisions: Kalla v. Chertoff, No. 06-1732, 2007 WL 415157, at *3 (N.D.Ga Feb. 6, 2007) (finding the en banc decision of the Ninth Circuit in Hovsepian persuasive authority and concluding that plaintiff's filing of a complaint vested the court with exclusive jurisdiction over plaintiff's application process so that CIS's subsequent decision on the application was without legal effect and therefore did not render the action moot); Zaranska v. U.S. Dep't of Homeland Security, 400 F. Supp. 2d 500, 503 (E.D.N.Y. 2005) (agreeing with the Ninth Circuit that Section 1447(b) "both requires the CIS to act within a certain period of time and specifies a consequence for failure to comply with the deadline (placing jurisdiction . . . in the district courts), thereby indicating an intent to strip the agency of jurisdiction"); Castracani v. Chertoff, 377 F. Supp. 2d 71, 73 (D.D.C. 2005) (relying on Hovsepian and finding that the district court has exclusive jurisdiction over the naturalization applications on which the CIS has failed to act in a timely fashion); Meyersiek v. CIS, No. CA 05-398 ML, 2006 WL 1582397 at *2 (D.R.I. June 6, 2006) (citing Hovsepian as a basis for denying defendant's motion to dismiss for lack of subject matter jurisdiction and reasoning that Section 11447(b) is an effective jurisdiction-stripping statute).

The only contrary authorities cited by the Government are Perry v. Gonzales, No. 06-313, 2007 WL 293424, at *6 (D.N.J. Feb. 1, 2007); Farah v. Gonzales, No. 05-1944, 2006 WL 1116526, at *2 (D. Minn. Apr 26, 2006); and Kia v. INS, 175 F.

3d 1014, No. 98-2399, 1999 WL 172818, at *1 (4th Cir. Mar. 30, 1999).  Perry placed heavy reliance on the district court's opinion in Etape that has since been overruled under the weight and reasoning of Hovsepian.  See Etape v. Chertoff, 2007 WL 2200286 at *2-3.  Kia a two page, unreported, non binding decision of the Fourth Circuit which, if it ever had any precedential value, has effectively been overruled by the Fourth Circuit's binding precedent in Etape.  Moreover, Kia relied on a Ninth Circuit decision that pre-dated and has since been overruled by Hovsepian.  Kia v. INS, 1999 WL 172818, at *1(relying on Sze v. INS, 153 F.3d 1005 (9th Cir. 1998) to dismiss plaintiff's appeal brought under 8 U.S.C. 1447(b) for lack of jurisdiction).  Farah was fairly distinguished by the Kalla court.[2]

> In sum, the majority view and prevailing wisdom is as follows:
>
> The law provides that if CIS fails to make a determination of a naturalization application within 120 days after the applicant's examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter."  8 U.S.C. § 1447(b).  In that event, the district court "has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.  Id.

Kalla v. Chertoff, 2007 WL 415157, at *2.  This jurisdiction is exclusive, and the CIS is divested of authority to act on such a petition unless the district court exercises its statutorily granted authority to "remand the matter" to the CIS with instructions to determine the petition.  Consequently, any adjudication by the CIS made after the

---

[2] Kalla v. Chertoff, 2007 WL 415157, at *3.

Complaint was filed was without statutory or other legal authority and could not have constituted final adjudication divesting the this District Court of its exclusive jurisdiction over the matter.

CONCLUSION

For the foregoing reasons, the Undersigned finds that Plaintiff's Complaint brought before this Court pursuant to 8 U.S.C. § 1447(b) vests this District Court with exclusive jurisdiction, unless and until the court "remands the matter" to the CIS. Accordingly, the Undersigned **REPORTS AND RECOMMENDS** that Defendants' Motion to dismiss for lack of subject matter jurisdiction (Dkt. 10) should be **DENIED**.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida on this 11th day of September 2007.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

Judge James D. Whittemore

7

## **NOTICE TO THE PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).