UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NINA ISRAILEVA,

                **Plaintiff,**

vs.                                           Case No.: 8:07-CV-21-T-27MSS

MICHAEL CHERTOFF; *et al.*,

                **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Remand (Dkt. 30) and Plaintiff's Response and Motion Requesting Adjudication of Naturalization Petition (Dkt. 32). Upon consideration, Defendants' Motion to Remand (Dkt. 30) is **GRANTED**. Because of its expertise, the CIS is in the best position to adjudicate Plaintiff's naturalization application.

Plaintiff Nina Izraileva applied for naturalization on August 30, 2004 and was interviewed by U.S. Citizenship and Immigration Services ("CIS") on March 22, 2005. (Dkt. 1). Although Plaintiff received correspondence from CIS indicating that her application had been recommended for approval, by the time this action was filed on January 4, 2007, more than a year and a half had passed since Plaintiff's examination by CIS and CIS had not adjudicated Plaintiff's application. Plaintiff filed the instant action pursuant to 8 U.S.C. § 1447(b).

In relevant part, § 1447(b), provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

On April 12, 2007, four months after this action was filed, CIS denied Plaintiff's application for naturalization because she did "not meet the minimum requirements for continuous residence in the United States." (Dkt. 17, Ex. 1). Defendants moved to dismiss this action for lack of jurisdiction, contending that Plaintiff's petition was moot in light of the CIS's adjudication.(Dkt. 10). Defendants' motion to dismiss was denied. (Dkt. 20). This Court concluded that upon the filing of Plaintiff's §1447(b) petition, exclusive jurisdiction was vested in the district court and CIS's subsequent adjudication of Plaintiff's naturalization application was therefore void. (Dkt. 20, p. 6).

Defendants seek a remand, arguing that the CIS is in the best position to evaluate the results of its investigation and determine whether Plaintiff meets all naturalization criteria. (Dkt. 30). Plaintiff opposes Defendants' motion to remand, arguing that a remand at this juncture would be prejudicial because of CIS' prior denial of her application based on what Plaintiff contends was an "ungrounded conclusion" concerning Plaintiff's continuous residency in the United States. (Dkt. 32).

Discussion

Ordinarily, with respect to immigration matters, "a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." *INS v. Ventura*, 537 U.S. 12, 16 (2002). Many courts have recognized that the CIS, rather than a court, "has the experience and expertise in making [naturalization] assessment[s] - and, more generally, in determining whether an applicant meets all the various criteria for naturalization . . ." *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 844 (E.D. Mich. 2006); *see also Hussein v. Gonzales*, 474 F. Supp. 2d 1265, 1269 (M.D. Fla. 2007). If the district court decides to remand an action to the CIS, § 1447(b) expressly authorizes the court to provide instructions to the CIS. *See* 8 U.S.C. § 1447(b);

*see also Etape v. Chertoff*, 497 F.3d 379, 384 (4th Cir. 2007) ("Congress empowered the district court in remanding to the CIS to provide the agency 'with appropriate instructions'"). CIS may be instructed, for example, to take a particular course of action on an application or to adjudicate an application within a particular period of time. *Id.*

Considering its experience and expertise in naturalization matters, specifically in assessing naturalization applications, CIS should adjudicate Plaintiff's application. However, considering the delay in adjudicating Plaintiff's application and CIS' ultimate denial, albeit a nullity, instructions on remand are appropriate. While this Court finds that remanding this action for a final determination by the CIS is appropriate, it is important that the remand and final determination be timely as well as meaningful. A *de novo* consideration of Plaintiff's application is therefore appropriate, including a consideration of Plaintiff's contention that C.F.R. § 316.5(b) does not apply to her.[1] Accordingly, it is

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Remand (Dkt. 30) is **GRANTED**. The CIS shall consider Plaintiff's application for naturalization *de novo* and render a final adjudication within ninety (90) days from the date of this Order. In its final decision, the CIS shall provide an explanation for its decision, include citations to any statutory, regulatory, or other authority relied on and shall address any statutory or regulatory arguments raised by Plaintiff in support of her application.

---

[1] C.F.R. Section 316.5(b)(4) provides that "[i]f an applicant claims residence in more than one State, the residence for purposes of this part shall be determined by reference to the location from which the annual federal income tax returns have been and are being filed." 8 C.F.R. § 316.5 (b)(4). In relevant part, § 316.5(c)(2) provides that an alien who is a permanent resident of the United States, "but who voluntarily claims nonresident alien status to qualify for special exemptions from income tax liability, or fails to file either federal or state income tax returns because he or she considers himself or herself to be a nonresident alien, raises a rebuttable presumption that the applicant has relinquished the privileges of permanent resident status in the United States." Plaintiff contends that neither of these sections apply to her because she did not claim residency in multiple states and neither she or her husband claimed nonresident status on their tax returns after being lawfully admitted to the United States as permanent residents. (Dkt. 32, pp. 5-6). The Court takes no position on the merits of this contention or the application of § 316.5(b) to Plaintiff and this Order shall not be interpreted or construed as a comment on the merits.

2. Plaintiff's Motion Requesting Adjudication of Naturalization Petition (Dkt. 32) is **DENIED**.

3. Defendants shall file notice with this Court when it has complied with this Order.

4. The Clerk is directed to administratively close this case.

**DONE AND ORDERED** in chambers this 17th day of April, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record